# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4303 | **DATE** | 6/24/2013 |
| **CASE TITLE** | Alvin T. Perkins, Jr. (#2007-0087932) vs. Thomas J. Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $5.33 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, have violated the plaintiff's constitutional rights by subjecting him to unsanitary and inhumane conditions of confinement. More specifically, the plaintiff alleges that the defendants refuse either to provide cleaning supplies or to wash bed linens regularly out of indifference to inmate health and safety.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $5.33. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each
**(CONTINUED)**

mjm

time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, the plaintiff must submit an amended complaint, as the facts alleged fail to state a claim of constitutional magnitude.

The court questions whether the irregular laundering of bed linens rises to the level of a constitutional violation. In order to state a conditions-of-confinement claim of constitutional significance, the challenged condition must amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The standard for determining punishment is similar whether considered in the context of the Due Process Clause or the Eighth Amendment. *Zentmeyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000). Punishment requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Granville v. Dart*, No. 09 C 2070, 2011 WL 892751, at *5 (N.D. Ill. Mar. 11, 2011) (Leinenweber, J.). Punishment in the constitutional sense generally requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Bell* at 542; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Johnson v. Bryant*, No. 11 C 5785, 2011 WL 5118415, at *2 (N.D. Ill. Oct. 26, 2011) (Holderman, J.).

The court in no way condones laundering sheets only three times a year. However, the practice--while unacceptable--does not strike the court as so unsanitary as to implicate the Fourteenth Amendment, particularly in the absence of any health ramifications. Less-than-fresh sheets likely do not pose a "substantial risk of serious harm," as required for liability under the Fourteenth Amendment. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Lee v. Young*, 533 F.3d 505, 509-10 (7th Cir. 2008). Compare *Coughlin v. Sheahan*, No. 94 C 2863, 1995 WL 12255, *2-3 (N.D. Ill. Jan. 12, 1995) (Conlon, J.) (providing only one change of clothing in three-month period did not rise to level of constitutional violation); *Chavis v. Fairman*, No. 92 C 7490, 1994 WL 55719, *5 (N.D. Ill. Feb. 22, 1994) (Aspen, J.) (providing inmate with a change of clothing once every three weeks did not violate the Constitution). "[P]risoners cannot expect the 'amenities, conveniences, and services of a good hotel.'" *Williams v. Berge*, 102 Fed. App'x. 506, 507, (7th Cir. 2004) (quoting *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988)). In the case at bar, the plaintiff has failed to allege facts indicating that he has been forced to endure deprivations of the minimal civilized measure of life's necessities with regard to laundry services.

By the same token, the plaintiff has failed to allege a plausible cause of action with respect to the denial of cleaning supplies. Certainly, correctional officials must provide some "minimal level of cleanliness and sanitation for the health and safety of the prisoners." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994); *Knox v. Wainscott*, No. 03 C 1429, 2003 WL 21148973, at *7 (N.D. Ill. May 14, 2003) (Manning, J.). But here, the plaintiff does not seem to suggest that his housing unit goes without being cleaned altogether; rather, he seems to say only
**(CONTINUED)**

| STATEMENT (continued) |
|---|

that individual inmates are not provided with cleaning supplies. Unless the plaintiff is contending that Division 10 is never cleaned at all--as opposed to going without spot cleaning by the detainees--the court discerns no cognizable claim under 42 U.S.C. § 1983.

Finally, "Cook County Officials and Administration" is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *see also Fanning v. Cook County*, No. 05 C 2020, 2006 WL 385065, at *3 (N.D. Ill. Feb. 15, 2006) (St. Eve, J.) (the Cook County Department of Corrections is not a suable entity); *Fergurson v. Cook County Jail*, No. 04 C 7087, 2004 WL 2967444, at *2 (N.D. Ill. Nov. 19, 2004) (Shadur, J.) (the jail is not a suable entity). In his amended complaint, the plaintiff must name as defendants only those individuals personally and directly responsible for the alleged violations of his constitutional rights.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form, if he believes that he can articulate a constitutional claim regarding the conditions of his confinement. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed, on the understanding that the plaintiff does not wish to pursue his claims.